IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 15-cv-01221-PAB-MJW

PAMELA M. BESSEY,

    Plaintiff,

v.

ZIMMER HOLDINGS, INC.,
ZIMMER, INC., and
ZIMMER COLORADO,

    Defendants.

---

# ORDER

---

This matter is before the Court on plaintiff's response [Docket No. 21] to the Court's Order to Show Cause [Docket No. 16]. The Court ordered plaintiff to show cause why Zimmer Colorado should not be dismissed as fraudulently joined. Docket No. 16 at 6.

Plaintiff originally filed this case in the District Court for Larimer County, Colorado. Docket No. 2-3 at 2. Plaintiff alleges that her physician implanted a Zimmer distal femur locking periprosthetic plate in her leg (the "femoral plate"), but that the femoral plate failed, requiring surgery. *Id.* at 3, ¶¶ 8-9. Plaintiff alleges that she suffered "injuries of the body and mind" as a result of the defective femoral plate. *Id.* at 5, ¶ 19. Plaintiff asserts that Zimmer Holdings, Inc. and Zimmer, Inc. (collectively, "Zimmer") designed, manufactured, marketed, supplied, and sold the femoral plate at issue and that "Zimmer Colorado is a distributor of orthopedic devices for Zimmer, Inc."

*Id.* at 3, ¶¶ 3-5.  Plaintiff brings claims against all defendants for strict products liability, breach of implied warranty of fitness and/or merchantability, negligence, and breach of express warranty.  *Id.* at 4-6.

Zimmer invokes 28 U.S.C. § 1332 as the basis for this Court's diversity jurisdiction.  Section 1332(a)(1) states: "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."  The facts as presently averred indicate that plaintiff is a citizen of Colorado, that Zimmer Holdings, Inc. is citizen of Delaware and Indiana, that Zimmer, Inc. is a citizen of Delaware and Indiana, and that Zimmer Colorado is a citizen of Colorado.  Docket No. 1 at 2-3; Docket No. 2-3 at 2-3, ¶¶ 1, 3-5; *see also* § 1332(c)(1) ("a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business").

Zimmer concedes that Zimmer Colorado is a non-diverse defendant, but argues in its notice of removal that Zimmer Colorado was fraudulently joined and should be dismissed.  Docket No. 1 at 3.  On June 22, 2015, the Court ordered plaintiff to show cause why Zimmer Colorado should not be dismissed as fraudulently joined.  On July 2, 2015, plaintiff responded that, upon the filing of the notice of removal and the attached Affidavit of Brian Horton,

> Plaintiff was made aware that Zimmer Rocky Mountain facilitated the sale of the femur device used in Plaintiff's surgery on October 16, 2012.  It is also within the same Affidavit that Plaintiff was made aware that Zimmer Rocky Mountain became Zimmer Colorado in 2014.  At all times Zimmer Rocky Mountain was operating as an independent distributorship, it was never

2

> owned in whole or significant part by Zimmer, Inc. or Zimmer Holdings and Zimmer, Inc. and Zimmer Holdings, Inc. have never been owned in whole or significant part by Zimmer Rocky Mountain.

Docket No. 21 at 2. Plaintiff does not therefore object to "Zimmer Colorado's removal from this action." *Id.*

"To establish [fraudulent] joinder, the removing party must demonstrate either: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Dutcher v. Matheson*, 733 F.3d 980, 988 (10th Cir. 2013) (quotations omitted). A defendant seeking to establish fraudulent joinder bears a heavy burden, and all factual and legal issues are resolved in plaintiff's favor. *Id.* A court evaluating a fraudulent joinder claim must "'pierce the pleadings, consider the entire record, and determine the basis of joinder by any means available.'" *Nerad v. AstraZeneca Pharm., Inc.*, 203 F. App'x 911, 913 (10th Cir. 2006) (unpublished) (quoting *Dodd v. Fawcett Publ'ns, Inc.*, 329 F.2d 82, 85 (10th Cir. 1964)). "In so doing, the court must decide whether there is a reasonable basis to believe the plaintiff might succeed in at least one claim against the non-diverse defendant." *Id.* The claim against the non-diverse defendant "need not be a sure-thing, but it must have a basis in the alleged facts and the applicable law." *Id.*

Products liability actions are defined under Colorado law as

> any action brought against a manufacturer or seller of a product, regardless of the substantive legal theory or theories upon which the action is brought, for or on account of personal injury, death, or property damage caused by or resulting from the manufacture, construction, design, formula, installation, preparation, assembly, testing, packaging, labeling, or sale of any product, or the failure to warn or protect against a danger or hazard in the use, misuse, or unintended use of any product, or the failure to provide proper instructions for the use of any product.

Colo. Rev. Stat. § 13-21-401(2).  Sellers are entities, "including a manufacturer, wholesaler, distributor, or retailer, who is engaged in the business of selling or leasing any product for resale, use, or consumption."  § 13-21-401(3).  Under the so-called "innocent seller doctrine," no product liability actions "shall be commenced or maintained against any seller of a product unless said seller is also the manufacturer of said product or the manufacturer of the part thereof giving rise to the product liability action."  § 13-21-402(1).  However, the innocent seller doctrine does not bar claims that do not fall within the statutory definition of "products liability actions."  § 13-21-402(1) ("Nothing in this part 4 shall be construed to limit any other action from being brought against any seller of a product.").  The Colorado Court of Appeals has held that § 13-21-401(2) includes those claims "which seek damages for injuries and collateral damage caused by defective products," whereas claims that are for "economic loss to the product only do not constitute 'product liability actions.'"  *Carter v. Brighton Ford, Inc.*, 251 P.3d 1179, 1187 (Colo. App. 2010).

Zimmer contends, and plaintiff does not dispute, that plaintiff's claims, including claims for breach of express warranty and breach of implied warranty, are products liability actions under § 13-21-401(2).  Docket No. 1 at 5-6.  Because Zimmer Colorado merely "facilitated the sale of the medical device and components that were used in Ms. Bessey's surgery on October 16, 2012," Docket No. 2-19 at 2, ¶ 4; *see also* Docket No. 21 at 2, plaintiff's claims against Zimmer Colorado as presently alleged are barred by § 13-21-402(1).  In the absence of any argument to the contrary, the Court concludes that none of the exceptions to § 13-21-402(1) apply.  *See Oshima v. Kia Motors Corp.*, No. 11-cv-03349-REB-MEH, 2012 WL 1578397, at *5 (D. Colo. May 4, 2012).  Thus, there

is no reasonable basis to believe the plaintiff might succeed on one of her claims against Zimmer Colorado.  *See Nerad*, 203 F. App'x at 913.  For the foregoing reasons, the Court finds that Zimmer Colorado is fraudulently joined and should be dismissed as a defendant.  In light of the dismissal of Zimmer Colorado, the Court has sufficient assurances that it has subject matter jurisdiction over this case.

Wherefore, it is

**ORDERED** that Zimmer Colorado is **DISMISSED** from this case.  Plaintiff shall filed an amended complaint reflecting Zimmer Colorado's dismissal on or before August 31, 2015.  It is further

**ORDERED** that the Court's June 22, 2015 order to show cause [Docket No. 16] is hereby discharged.

DATED August 18, 2015.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge