IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:15-cv-01221-MJW

PAMELA M. BESSEY,

    Plaintiff,

v.

ZIMMER HOLDINGS, INC., and
ZIMMER, INC.

    Defendants.

---

PROTECTIVE ORDER ( Docket No 35-1 )

---

The parties have stipulated to the entry of this Protective Order in regard to certain discovery material to be made available by the defendants, Zimmer Holdings, Inc., and Zimmer, Inc., (collectively "Zimmer") to the plaintiff, Pamela Bessey, in the above-captioned matter (the "Action"). This discovery material, as defined below in paragraph 1, includes trade secrets and confidential, proprietary, and non-public documents and information, the public disclosure of which could be detrimental to the interests of Zimmer and/or related corporate entities; documents which may contain information that is personal and confidential to third parties, including individuals; and documents and information subject to a claim of privilege or immunity from discovery (including but not limited to attorney-client privilege, work product immunity, and immunities created by federal or state statute or regulation). The parties agree that the above-described documents and information, including electronically stored information, should be given the protection of an order of this Court to prevent irreparable harm through

US.97046228.01

disclosure to persons other than those persons involved in the prosecution or defense of this litigation.

Upon a showing of good cause in support of the entry of a Protective Order to protect the discovery and dissemination of confidential information, IT IS ORDERED:

1. The following definition shall apply to this Order: A "stamped confidential document" means any document, including any document produced electronically, which bears the legend (or which shall otherwise have had the legend recorded upon it or upon the medium in which it is produced, in a way that brings its attention to a reasonable examiner) "CONFIDENTIAL" or "CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER" to signify that it contains or reflects trade secrets (i.e. any design, drawings, patterns, or compilation of information which is used in one's business, and which gives one an opportunity to obtain an advantage over competitors who do not know or use such information) or other confidential research, development, proprietary, or commercial information.

2. As used in this Order, "document" is defined as provided in Fed. R. Civ. P. 34(a)(1)(A). A draft or non-identical copy is a separate document within the meaning of this term.

3. This Order shall apply to all documents written, recorded, electronically stored, or graphic material documents, including without limitation, documents produced, interrogatory answers, responses to requests for admission, deposition transcripts and exhibits, pleadings, motions, affidavits, and briefs that quote, summarize, or contain materials entitled to protection, and other information disclosed, whether produced pursuant to the Colorado Court Rules, Federal Rules of Civil Procedure, subpoena, by agreement, or otherwise.

4. Stamped confidential documents and their contents, as well as copies, summaries, notes, memoranda and computer databases relating thereto, shall be and remain confidential, and shall not be disclosed in any fashion, nor be used for any purpose other than the analysis and preparation for trial of the Action, except with the prior written consent of the party or other person originally designating a document as a stamped confidential document, or as hereinafter provided under this Order. The attorney disclosing stamped confidential documents pursuant to this subparagraph shall retain a copy of all signed Confidentiality Agreements in his or her file and shall produce the same to opposing counsel or to the Court for *in camera* review, in the event there is an issue raised about a person's execution of the Confidentiality Agreement and/or compliance with this Protective Order.

5. Notwithstanding paragraph 4, stamped confidential documents may be disclosed to:

 (a) counsel of record for the parties to the Action who are actively engaged in the conduct of the Action;

 (b) the partners, associates, secretaries, paralegal assistants, and employees of such an attorney to the extent reasonably necessary to render professional services in the litigation;

 (c) persons with prior knowledge of the documents or the confidential information contained therein, and their agents; and

 (d) court officials involved in this litigation (including court reporters and persons operating video recording equipment at depositions).

Subject to the provisions of subparagraph 5(g), such documents may also be disclosed:

(e) to any person designated by the Court in the interest of justice, upon such terms as the Court may deem proper; and

(f) to persons noticed for depositions or designated as trial witnesses to the extent reasonably necessary in preparing to testify; and to outside consultants or experts retained for the purpose of assisting counsel in the Action; provided, however, that in all such cases, except as noted in paragraph 5(g) below, the individual to whom disclosure is to be made has signed Confidentiality Agreement, the form of which is attached hereto as Exhibit 1, containing —

    (1) a recital that the signatory has read and understands this Order and will abide by it;

    (2) a recital that the signatory understands that unauthorized disclosures of stamped confidential documents and their substance constitute contempt of court; and

    (3) a statement that the signatory consents to the exercise of personal jurisdiction by this Court for purposes of enforcing this Order.

(g) Each outside consultant or expert retained for the purpose of assisting counsel in the Action to whom disclosure is made pursuant to paragraph 4(b) above must sign a Confidentiality Agreement, the form of which is attached hereto as Exhibit 1. That Agreement then must be returned to the counsel who shall retain any such Agreements during the pendency of the litigation and must certify in writing to counsel for all parties that (1) a disclosure was made to a consulting expert and (2) the consulting expert signed and returned the Confidentiality Agreement.

- 4 -

    (h)    Before disclosing stamped confidential documents to any person listed in subparagraph 5(e) or 5(g) who is a customer or competitor (including employees or consultants of either) of the party that so designated the document, the party wishing to make such disclosure shall give at least 14 days advance notice in writing to the counsel who designated such information as confidential, stating the names and addresses of the person(s) to whom the disclosure will be made, identifying with particularity the documents to be disclosed, and stating the purposes of such disclosure. If, within the 14-day period, a motion is filed objecting to the proposed disclosure, the disclosure shall not be made unless and until the Court has denied such motion.

        (1)    As used in this paragraph 5(h), the term "customer" means any direct purchaser of products from any defendant, or any regular indirect purchaser of defendants. The term "customer" is not meant to include treating physicians.

        (2)    As used in this paragraph 5(h), the term "competitor" means any manufacturer or seller of medical devices.

6.    Each person executing the Confidentiality Agreement submits to the jurisdiction of this Court for the purposes of enforcement of this Order, either prior to or following the completion of the Action. Jurisdiction of the Action is to be retained by the Court to which this case is currently assigned after final determination for purposes of enabling any party or persons affected by this Order to apply to the Court at any time for such direction or further decree as

may be appropriate for the construction or enforcement of this Order or for such additional relief as may become appropriate.

7. Nothing in this Order shall preclude the disclosure by a party of stamped confidential documents that it has produced.

8. Nothing in this Order shall preclude the disclosure by any party of publicly available documents or information.

9. Should a party intend to include stamped confidential documents as part of any pleading or memorandum, that party shall first file a motion with the Court for leave to file the particular document(s) under ~~seal~~ Restricted Access. The filing shall be done in accordance with the Court's administrative procedures for electronically filing documents under seal in civil cases.

10. Persons with knowledge may be deposed regarding stamped confidential documents or the subject matter thereof. Only the parties and persons described in paragraph 5, including the court reporter and the witness, shall be present at such depositions. Transcripts of said depositions shall be treated as stamped confidential documents and shall be subject to the provisions of this Order.

11. In the event that another party, or an interested member of the public, disagrees with a party's designation of any document or information as confidential or wishes to challenge the designation of any document or information as confidential, the objecting party shall advise counsel for the designating party, in writing, of the objection and identify the document or item with sufficient specificity to permit identification. Within 10 days of receiving the objection, the designating party shall advise the objecting party's counsel whether the designating party will change the designation of the document or item. If this cannot be resolved between the parties,

then the dispute will be presented to the Court by motion, ~~or otherwise~~ filed consistent with D.C.COLO.LCiv R 7.2. During the pendency of any such motion, the designated document or item shall continue to be treated as a stamped confidential document and subject to the provisions of this Order. On the hearing of any such motion, the burden shall be on the designating party to establish that the designated document or item should be deemed confidential.

*MJW 9-11-15*

12. Nothing in this Order shall prevent or otherwise restrict counsel from rendering advice to their clients in this litigation and, in the course thereof, relying generally on examination of stamped confidential documents; provided, however, that in rendering such advice and otherwise communicating with such client, counsel shall not make specific disclosure of any item so designated except pursuant to the procedures of paragraph 5.

13. If another court or an administrative agency subpoenas or orders production of stamped confidential documents which a party has obtained under the terms of this Order, such party shall promptly notify the party or other person who designated the document as confidential of such subpoena, order or other legal process.

14. If a producing party inadvertently or unintentionally produces to a receiving party any document or information without marking it as a stamped confidential document pursuant to paragraph 1, the producing party shall, within 30 days of the discovery of the inadvertent production, give notice to the receiving party in writing and thereafter the receiving party shall treat the document as a stamped confidential document. Such inadvertent or unintentional disclosure shall not be deemed a waiver in whole or in part of the producing party's claim of restriction either as to specific documents and information disclosed or on the same or related subject matter.

15. If a producing party inadvertently or unintentionally produces to a receiving party any documents or information subject to a claim of privilege or immunity from discovery (including but not limited to attorney-client privilege, work product immunity, and immunities created by federal or state statute or regulation), the producing party shall, within 30 days of the discovery of the inadvertent production, give notice to the receiving party in writing of the producing party's claim of privilege or immunity from discovery. Thereafter, the receiving party shall within fourteen (14) business days return to the producing party the original and all copies of the restricted materials, including copies of the restricted materials disseminated to other persons by the receiving party. The receiving party will be deemed to have notice that material is restricted if the party reasonably should recognize the material is privileged or protected from discovery, or upon written notice by the producing party. Such inadvertent or unintentional disclosure shall not be deemed a waiver in whole or in part of the producing party's claim of privilege or immunity from discovery either as to specific documents and information disclosed or on the same or related subject matter. In the event that the receiving party disagrees with the producing party's claim of privilege or immunity from discovery, then the receiving party shall notify the producing party within fourteen (14) business days of receipt of the producing party's written notice of claim of privilege, and shall set forth the precise grounds upon which the receiving party's position rests. If the parties cannot resolve the matter, then the dispute will be presented to the Court by motion or otherwise. During the pendency of any such motion, the receiving party shall not copy, distribute, or otherwise use in any manner the disputed documents or information, and shall instruct all persons to whom the receiving party has disseminated a copy of the documents or information that the documents or information are subject to this Order

and may not be copied, distributed, or otherwise used pending the motion and further notice from the Court.

16. The provisions of this Order shall not terminate at the conclusion of the Action. Within 90 days after final conclusion of all aspects the Action, stamped confidential documents and all copies of same (other than exhibits of record), which are in the possession of any party other than the Courts presiding over the Action, shall either be destroyed or returned to the producing party. In the event that stamped confidential documents are produced in electronic form, or are put into electronic form by the receiving party with the consent of the providing party, then the receiving party shall delete all electronic copies of stamped confidential documents from all computer systems, disks, and other electronic medium and devices. All counsel of record shall make certification of compliance herewith and shall deliver the same to counsel for the party who produced the documents not more than 120 days after final termination of the Action.

17. The attorneys of record are responsible for employing reasonable measures to control and record, consistent with this Order, duplication of, access to, and distribution of stamped confidential documents, including abstracts and summaries thereof.

18. This Agreement is limited to pretrial discovery and is not intended to protect any Confidential Information that is introduced at trial. However, nothing in this Order shall be construed as a waiver by the parties of any objections that might be raised as to admissibility at trial of any evidentiary materials.

19. It is expressly understood by and between the parties that in granting access to or producing stamped confidential documents in the Action, Zimmer and Plaintiff, Pamela Bessey, shall be relying upon the terms and conditions of this Order.

Entered this 11TH day of September, 2015.

BY THE COURT:

*/s/ Michael J. Watanabe*
Michael J. Watanabe
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:15-cv-01221-MJW

PAMELA M. BESSEY,

    Plaintiff,

v.

ZIMMER HOLDINGS, INC., and
ZIMMER, INC.

    Defendants.

---

## CONFIDENTIALITY AGREEMENT

---

1.    I acknowledge that I am about to receive confidential information supplied by

_____.

2.    I have read the Protective Order governing the restricted use of confidential information in this litigation, a copy of which order has been provided to me. I understand the Protective Order and agree to abide by it.

3.    I will not utilize any stamped confidential document or other information subject to the Protective Order for any purpose other than this litigation. I further affirm that I will not reveal the confidential information to, nor discuss it with, anyone, except in accordance with the terms of the Protective Order.

4.    I understand unauthorized disclosures of stamped confidential documents or their substance constitute contempt of court.

5. At the termination of this litigation, I will return all documents marked "CONFIDENTIAL" or "CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER" as well as any copies, summaries or abstracts of them, and documents related to them, whether in hard copy, electronic, or digitized format, to the attorney providing confidential materials to me.

6. I submit to the jurisdiction of the United States District Court for the District of Colorado as necessary to enforce the provisions of the Protective Order.

Dated:_____

_____
Signature

_____
Printed Name

_____
Address

_____
City, State, Zip

_____
Telephone Number